

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DIB
F. #2024R00288

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 31, 2025

By ECF and E-mail

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Timothy McCormack
             Criminal Docket No. 24-490 (LDH)

Dear Judge DeArcy Hall:

On January 16, 2025, the defendant Timothy McCormack pleaded guilty before the Honorable James R. Cho, United States Magistrate Judge, to the sole count of the Information in the above-captioned matter. This Court has scheduled the defendant's sentencing for August 21, 2025. By this letter, the government respectfully requests that the Court accept the defendant's guilty plea.

The government encloses as Exhibits A and B, respectively: (1) a transcript of the January 16, 2025, plea hearing, during which Judge Cho recommended that this Court accept the defendant's guilty plea (see Ex. A at 32:9-11); and (2) a proposed Order.

Very truly yours,

JOHN J. DURHAM
United States Attorney

By:   *David I. Berman*
      David I. Berman
      Assistant U.S. Attorney
      (718) 254-6167

cc:    Clerk of the Court (LDH)
       Jeff Chartier, Esq. (counsel for defendant)

# Exhibit A

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ---------------------------------x
                                          24-CR-490(LDH)
 3   UNITED STATES OF AMERICA,
                                          United States Courthouse
 4                                        Brooklyn, New York

 5            -against-                   January 16, 2025

 6   TIMOTHY MCCORMACK,

 7            Defendant.
     ---------------------------------x
 8
             TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
 9            BEFORE THE HONORABLE JAMES R. CHO
                UNITED STATES MAGISTRATE JUDGE
10

11   APPEARANCES

12   For the Government:      UNITED STATES ATTORNEY'S OFFICE
                              Eastern District of New York
13                            271 Cadman Plaza East
                              Brooklyn, New York 11201
14                            BY:  BENJAMIN WEINTRAUB, AUSA
                                   DAVID BERMAN, AUSA
15

16   For the Defendant:      LAW OFFICES OF JEFFREY P. CHARTIER
                              2027 Williamsbridge Road, 3rd Floor
17                            Bronx, New York 10461
                              BY:  JEFFREY P. CHARTIER, ESQ.
18

19
     Transcription Service:  Georgette K. Betts, RPR, FCRR, CCR
20                           Phone:  (201)314-3902
                             Email:  Georgetteb25@gmail.com
21

22

23   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
24

25
```

PROCEEDINGS

1      (In open court.)

2      THE COURTROOM DEPUTY:  Criminal cause for a plea

3  hearing.  Case number 24-CR-490.  United States versus

4  Timothy McCormack.

5      Counsel, please state your name for the record

6  beginning with the government.

7      MR. WEINTRAUB:  Good afternoon, your Honor.

8      Benjamin Weintraub and David Berman for the United

9  States.

10      MR. CHARTIER:  Good afternoon, your Honor.

11  Jeffrey Chartier on behalf of Mr. McCormack.

12      THE COURT:  All right.  Good afternoon, everyone.

13      To confirm, are you Timothy McCormack?

14      THE DEFENDANT:  Yes, I am.

15      THE COURT:  I'm Judge Cho, how are you doing?

16      THE DEFENDANT:  I'm good, how are you?

17      THE COURT:  Fine.

18      Mr. McCormack, I'm advised by your counsel that

19  you wish to plead guilty to the charge in the information

20  that the government plans to file against you.  Is that

21  correct?

22      THE DEFENDANT:  That's correct, your Honor.

23      THE COURT:  Now this is a very serious decision

24  and I have to make sure you understand all of your rights

25  and the consequences of your plea.

PROCEEDINGS

1          I will have to ask you questions that will require

2   that your answers be made under oath so at this time my

3   courtroom deputy will swear you in, okay?

4          THE COURTROOM DEPUTY:  Please stand and raise your

5   right hand.

6          (The defendant, TIMOTHY MCCORMACK, was

7   sworn/affirmed.)

8          THE DEFENDANT:  Yes.

9          THE COURTROOM DEPUTY:  Thank you.  You may be

10   seated.

11          THE COURT:  Mr. McCormack, do you understand that

12   having been sworn, your answers to my questions will be

13   subject to the penalties of perjury or of making a false

14   statement if you do not answer it truthfully.

15          Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.  That means that if you

18   answer falsely to any of my questions, the government may

19   prosecute you for perjury or making a false statement and

20   may use any of your false statements today during that

21   prosecution.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Now, Mr. McCormack, I first want you

25   to understand that this is Judge DeArcy Hall's case.  She is

PROCEEDINGS

1    the judge who will sentence you and make the ultimate

2    decision as to whether to accept your guilty plea or not.

3    If you wish, you have the absolute right to plead guilty

4    before her and there will be no prejudice to you, or if you

5    wish, I will listen to your plea, a transcript will be made

6    by a court reporter and Judge DeArcy Hall will review the

7    transcript in connection with your sentence.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you wish to give up your right to

11   have Judge DeArcy Hall hear your plea and instead proceed

12   before me today?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  All right.  And do you make this

15   decision voluntarily and of your own free will?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Has anyone threatened you or have any

18   promises been made to you to induce you to plead before me?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  All right.  I have in front of me a

21   form entitled Consent to Have a Plea Taken Before The United

22   States Magistrate Judge.  Mr. McCormack, did you sign this

23   consent form?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  All right.  And did you have a chance

5

PROCEEDINGS

1   to discuss this form with your lawyer before you signed it?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Okay, all right.  And, Mr. Chartier,

4   you signed this form as well, correct?

5                MR. CHARTIER:  Correct, your Honor.

6                THE COURT:  All right.  Mr. Weintraub, did you

7   sign on behalf of the government?

8                MR. WEINTRAUB:  Yes, your Honor.

9                THE COURT:  Okay.  All right.  Having confirmed

10  all the signatures, I will go ahead and endorse the form.

11               Mr. McCormack, before accepting your plea, there

12  are a number of questions I must ask you to assure myself

13  that your plea is valid.  If you do not understand any of my

14  questions, please say so and I'll rephrase the question.

15  Okay?

16               THE DEFENDANT:  Yes.

17               THE COURT:  All right.  What is your full name?

18               THE DEFENDANT:  Timothy Owen McCormack.

19               THE COURT:  How old are you?

20               THE DEFENDANT:  Thirty-seven.

21               THE COURT:  What schooling or education have you

22  had?

23               THE DEFENDANT:  A little less than two years

24  college.

25               THE COURT:  And you're able to speak and

PROCEEDINGS

1  understand English, correct?

2        THE DEFENDANT:  Correct.

3        THE COURT:  All right.  Are you under the care of

4  a doctor or a psychiatrist for any reason?

5        THE DEFENDANT:  No.

6        THE COURT:  In the past 24 hours, have you taken

7  any drugs, medicine, or pills or consumed any alcoholic

8  beverages.

9        THE DEFENDANT:  No, your Honor.

10        THE COURT:  Have you ever been hospitalized or

11  treated for any drug addiction, alcoholism or mental or

12  emotional problems?

13        THE DEFENDANT:  No, your Honor.

14        THE COURT:  Is your mind clear today?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand what's going on here

17  today?

18        THE DEFENDANT:  Yes, your Honor.

19        THE COURT:  And do you understand everything I've

20  asked you so far?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  Now, Mr. McCormack, as a defendant in

23  a criminal case you have the right to be represented by a

24  lawyer at every stage of your criminal case from when you

25  are arrested through trial and appeal.  If you cannot afford

7

PROCEEDINGS

1   a lawyer, the Court will appoint a lawyer to represent you.

2   Do you understand your right to counsel?

3   THE DEFENDANT:  Yes, your Honor.

4   THE COURT:  All right.  Now is Mr. Chartier, who

5   is seated next to you, your attorney?

6   THE DEFENDANT:  Yes, he is, your Honor.

7   THE COURT:  If at any point in time you wish to

8   consult with him regarding anything, please let me know and

9   I'll permit you to do so.

10   Do you understand?

11   THE DEFENDANT:  Yes.

12   THE COURT:  Have you had any difficulty in

13   communicating with your lawyer in any way?

14   THE DEFENDANT:  No.

15   THE COURT:  All right.  And have you had enough

16   time to discuss with your lawyer the decision to enter a

17   plea of guilty in this case?

18   THE DEFENDANT:  Yes.

19   THE COURT:  Are you fully satisfied with the

20   representation and advice your attorney has provided to you

21   so far?

22   THE DEFENDANT:  Yes, your Honor.

23   THE COURT:  Let me turn to Mr. Chartier.  Have you

24   discussed this matter with your client?

25   MR. CHARTIER:  I have, Judge.

8

PROCEEDINGS

1          THE COURT:  And have you had any difficulty in

2    communicating with the defendant?

3          MR. CHARTIER:  None whatsoever.

4          THE COURT:  Are you satisfied that he understands

5    the rights he's waiving by pleading guilty today?

6          MR. CHARTIER:  Yes.

7          THE COURT:  Is he capable of understanding the

8    nature of these proceedings?

9          MR. CHARTIER:  Yes.

10          THE COURT:  Do you have any doubt at all about his

11    competence to plead at this time?

12          MR. CHARTIER:  I do not.

13          THE COURT:  Have you advised him of the maximum

14    and minimum sentence and fine that could be imposed on him?

15          MR. CHARTIER:  Yes.

16          THE COURT:  Have you discussed with him the

17    operation of the sentencing guidelines and how those

18    guidelines could affect his case?

19          MR. CHARTIER:  Yes.

20          THE COURT:  And have you also discussed with him

21    any potential immigration consequences, if they apply, as a

22    result of this guilty plea?

23          MR. CHARTIER:  Yes.

24          THE COURT:  All right.  And are you satisfied that

25    he understood those discussions?

PROCEEDINGS

1          MR. CHARTIER:  Yes, I am.

2          THE COURT:  Do you think he understands the rights

3     he'll be waiving by pleading guilty today?

4          MR. CHARTIER:  I do.

5          THE COURT:  All right.  And you have no doubt at

6     all about his competence to plead at this time, correct?

7          MR. CHARTIER:  Correct, your Honor.

8          THE COURT:  All right.

9          Now, the government has put before me an

10    information that contains one count.  As I understand the

11    proposed information, the information will be charging you,

12    Mr. McCormack, with wire fraud conspiracy, if filed.  Do

13    believe you understand the basic nature of the charges

14    against you, Mr. McCormack?

15         THE DEFENDANT:  Yes, I do, your Honor.

16         THE COURT:  All right.  Now, have you had a chance

17    to also review this information form?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Have you had a chance to discuss this

20    charge with your lawyer?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you understand the basic nature of

23    this charge?

24         THE DEFENDANT:  Yes.

25         THE COURT:  All right.  Now this information

PROCEEDINGS

1    charges you with a very serious felony.

2              Mr. Chartier, let me ask you, have you received a

3    copy of the information as well?

4              MR. CHARTIER:  Yes, your Honor.

5              THE COURT:  All right.  And have you also reviewed

6    this with your client?

7              MR. CHARTIER:  Yes, your Honor.

8              THE COURT:  All right.  Are you satisfied that

9    your client understands this charge?

10             MR. CHARTIER:  I am.

11             THE COURT:  All right.  Have you advised your

12   client of his rights in connection with the charge?

13             MR. CHARTIER:  I have.

14             THE COURT:  All right.  Mr. Chartier, would you

15   like the information read out loud or does your client waive

16   public reading?

17             MR. CHARTIER:  Waive public reading, your Honor.

18             THE COURT:  All right.  Now the information we've

19   just reviewed charges a federal felony punishable by prison

20   for more than one year.  Is your client waiving indictment

21   at this time?

22             MR. CHARTIER:  Yes, he is, your Honor.

23             THE COURT:  Let me turn back to you,

24   Mr. McCormack.  The government cannot come to court and

25   simply file a charge like this information unless you agree

PROCEEDINGS

1  to it.  Under the United States Constitution you have a

2  right to have the evidence presented to a grand jury of at

3  least 16 and not more than 23 persons and have the grand

4  jury determine whether or not there is probable cause to

5  believe you committed crime charged.  To get an indictment,

6  the government would have to persuade a majority of the

7  members of the grand jury that there was probable cause to

8  believe that you committed the offense contained in this

9  proposed information.

10        If the grand jury found probable cause, they could

11  return what is called an indictment.  If not, this charge

12  would not be brought against you.  So, when you waive

13  indictment, you give up the right to have a grand jury make

14  the determination and you say it's okay with me that the

15  government has come and filed this charge directly.

16        Have you discussed with your lawyer the matter of

17  waiving the rights to an indictment by grand jury?

18        THE DEFENDANT:  Yes, I have, your Honor.

19        THE COURT:  All right.  Do you understand your

20  right to be indicted by a grand jury?

21        THE DEFENDANT:  Yes, I do.

22        THE COURT:  Turning back to you, Mr. Chartier, are

23  you satisfied that your client understands what it means to

24  waive indictment?

25        MR. CHARTIER:  Yes, I am, your Honor.

PROCEEDINGS

1          THE COURT:  And do you see any reason why the

2    defendant should not waive indictment?

3          MR. CHARTIER:  I do not.

4          THE COURT:  All right.  Turning back to

5    Mr. McCormack, has anyone threatened or forced you to waive

6    your right to be indicted by a grand jury?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  And Mr. McCormack, do you in fact wish

9    to waive your right to be indicted by a grand jury?

10         THE DEFENDANT:  I do, your Honor.

11         THE COURT:  All right.  Now, Mr. McCormack, I have

12   in front of me a waiver of an indictment form.  To confirm,

13   Mr. McCormack, did you sign this waiver form?

14         THE DEFENDANT:  I did, your Honor.

15         THE COURT:  All right.  Mr. Chartier, you signed

16   as well?

17         MR. CHARTIER:  Yes.

18         THE COURT:  All right.  As I noted, I have in

19   front of me this waiver of indictment form which states, and

20   I'll quote, "I understand that I have been accused of one or

21   more offenses punishable by imprisonment for more than one

22   year.  I was advised in open court of my rights and the

23   nature of the proposed charges against me.  After receiving

24   this advice, I waived my right to prosecution by indictment

25   and consent to prosecution by information."

PROCEEDINGS

1          All right.  To confirm, Mr. McCormack, do you in

2   fact waive indictment at this time?

3          THE DEFENDANT:  Yes, I do.

4          THE COURT:  Now, Mr. Chartier, did you witness

5   your client sign this form?

6          MR. CHARTIER:  I did.

7          THE COURT:  Okay.  All right.  Having fully gone

8   over the defendant's rights to be indicted by a grand jury

9   and finding that the defendant understands his waiver and

10  it's knowing and voluntary, I will accept the waiver and I

11  will endorse it at this time.

12         Now, Mr. McCormack, the information I have in

13  front of me charges you with a crime of wire fraud

14  conspiracy.  There's also a forfeiture allegation as well.

15         Have you reviewed the information?

16         THE DEFENDANT:  I have, your Honor.

17         THE COURT:  Now, in order for the government to

18  convict you of that offense, they would have to prove

19  several elements beyond a reasonable doubt.  At this time I

20  will identify what those elements are, when I'm done I'll

21  ask the government and your counsel to confirm I've

22  accurately identified the elements of the offense.

23         Now, the elements of conspiracy to commit wire

24  fraud are as follows, first, the elements of conspiracy to

25  commit wire fraud are as follows:

PROCEEDINGS

1          First, two or more people formed an unlawful

2   agreement to commit the crime of wire fraud in violation of

3   18 U.S.C. Section 1343.

4          Two, the defendant knowingly and intentionally

5   joined the conspiracy.

6          Now, the elements of wire fraud are as follows:

7          First, that there was a scheme or artifice to

8   defraud or to obtain money or property by materially false

9   and fraudulent pretenses, representations or promises;

10          Two, the defendant knowingly and willfully

11   participated in the scheme or artifice to defraud with

12   knowledge of its fraudulent nature and with specific intent

13   to defraud and;

14          Three, in the execution of that scheme, the

15   defendant used or caused the use of interstate wires.

16          All right, Mr. Weintraub, have I accurately

17   identified the elements of the charge?

18          MR. WEINTRAUB:  Yes, your Honor.

19          THE COURT:  All right, Mr. Chartier, do you agree?

20          MR. CHARTIER:  I agree.

21          THE COURT:  Mr. McCormack, have you had a

22   conversation with your lawyer where he went over with you

23   what the government would have to prove and by proof beyond

24   a reasonable doubt with respect to this charge against you?

25          THE DEFENDANT:  Yes, your Honor.

PROCEEDINGS

1          THE COURT:  And do you understand the charge

2   against you and what the government would have to prove to

3   convict you of that charge?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Mr. McCormack, what I want to do now

6   is go over with you the rights that you have and the rights

7   that you will be giving up if you pled guilty.

8          First of all, you have the right to plead not

9   guilty, do you understand that?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  What this means is that even if you

12   are guilty you have a choice, it is up to you to decide what

13   to do, not your lawyer or anyone else.  You may withdraw

14   your previously entered plea of not guilty and plead guilty,

15   as you apparently wish to do, or you may choose to go to

16   trial simply by persisting in your plea of not guilty.

17          Do you understand that?

18          THE DEFENDANT:  I do, your Honor.

19          THE COURT:  If you plead not guilty to the charge,

20   you would have right under the Constitution and laws of the

21   United States to a speedy and public trial before a jury

22   with the assistance of your lawyer on the charge contained

23   in the information.

24          Do you understand?

25          THE DEFENDANT:  I do, your Honor.

PROCEEDINGS

1          THE COURT:  At any trial you'd be presumed

2   innocent.  You would not have to prove you were innocent.

3   Under our legal system it is the government that has the

4   burden of proof beyond a reasonable doubt that you're guilty

5   of the crime charged.  If at any trial the government would

6   fail to meet that burden or proof, the jury would have to

7   find you not guilty.

8          Do you understand?

9          THE DEFENDANT:  I do, your Honor.

10          THE COURT:  That is why sometimes juries return

11  verdicts of not guilty even though the jurors believe that

12  the defendant on trial probably committed the crime charged.

13  When a jury returns a not guilty verdict, the jurors are not

14  saying they believe the defendant is innocent, they are

15  merely saying they are not convinced beyond a reasonable

16  doubt that the defendant is guilty.

17          Do you understand that difference?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Now, in the course of the trial

20  witnesses for the government would have to come into court

21  and testify in your presence.  Your lawyer would have the

22  right to cross examine each witness, to object evidence

23  offered by the government, and could offer evidence on your

24  behalf.

25          Do you understand?

PROCEEDINGS

1          THE DEFENDANT:  I do, your Honor.

2          THE COURT:  Your lawyer would also have the right

3    to subpoena or compel witnesses to come to court to testify.

4          Do you understand?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  At trial, you would have the right to

7    testify on your behalf if you wanted to.  On other hand, you

8    could not be forced to testify if you do not want to.  Under

9    the Constitution and laws of the United States, no person

10   can be forced to be a witness against himself and if you had

11   a trial and did not testify, Judge DeArcy Hall would

12   instruct the jury that they could not hold that against you.

13         Do you understand?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  If, instead of going to trial you

16   plead guilty to the crime charged, and if Judge DeArcy Hall

17   accepts your guilty plea, you will be giving up your

18   constitutional right to a trial and all the other rights

19   I've just discussed.  There will be no trial in this case.

20   The Court will simply enter a judgment of guilty based upon

21   your plea.

22         Do you understand?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  If you do plead guilty, I will have to

25   ask you questions about what you did in order to satisfy

PROCEEDINGS

1  myself and Judge DeArcy Hall that you are guilty of the

2  crime charged.  You're going to have to answer my questions

3  and acknowledge your guilt.  This means that you will be

4  giving up your right not to testify against yourself.

5           Do you understand?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Also if you enter a plea of guilty

8  today and you admit the criminal conduct alleged in the

9  information, and Judge DeArcy Hall accepts your plea, you

10  cannot appeal to a higher court on whether you committed the

11  crime or not.  That is over by your plea.

12           Do you understand?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Are you willing to give up your right

15  to a trial and the other rights I've just discussed?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  I have before me a written agreement

18  between yourself and the government that's been marked as

19  Government Exhibit 1 dated January 16th, 2025.

20           Turning to the back of this agreement,

21  Mr. McCormack, can you confirm that you, in fact, signed

22  this agreement?

23           THE DEFENDANT:  I confirm.

24           THE COURT:  All right.  Do you have a copy of the

25  agreement in front of you?

PROCEEDINGS

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  All right.  Mr. Weintraub, you also

3   signed on behalf of the government, correct?

4          MR. WEINTRAUB:  Yes, your Honor.

5          THE COURT:  And Mr. Chartier, you signed as well?

6          MR. CHARTIER:  I did, your Honor.

7          THE COURT:  All right.  Now, Mr. McCormack, did

8   you read this agreement carefully before you signed it?

9          THE DEFENDANT:  I did, your Honor.

10         THE COURT:  And you had a chance to review it with

11  your lawyer?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  And you discussed it with your lawyer

14  as well?

15         THE DEFENDANT:  Yes.

16         THE COURT:  All right.  Do you believe you

17  understand this agreement, Mr. McCormack?

18         THE DEFENDANT:  I do, your Honor.

19         THE COURT:  Turning to the government, does the

20  government represent that the agreement before this Court

21  contains the entirety of any understanding between the

22  United States Attorney's Office and this defendant?

23         MR. WEINTRAUB:  Yes, your Honor.

24         THE COURT:  Mr. Chartier, turning to you, have you

25  also read and reviewed this agreement with your client?

PROCEEDINGS

1              MR. CHARTIER:  I have.

2              THE COURT:  All right.  Does this agreement,

3    that's been marked as Government Exhibit 1, contain the

4    entire agreement that your client has entered into with the

5    government?

6              MR. CHARTIER:  Yes.

7              THE COURT:  All right.  Turning back to you,

8    Mr. McCormack, is there anything in this agreement that is

9    not clear or that you need explained in any further detail

10   at this time?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  All right.  Other than the promises

13   contained in this written agreement, has anyone made any

14   other promises that have caused you to plead guilty?

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  All right.  What I want to do now is

17   carefully go over you with you what the penalties are for

18   the crime to which you may be pleading guilty, and I'll be

19   referring to the agreement at this time.

20             The statute you are accused of violating carries a

21   maximum sentence of 20 years.  There is no minimum -- there

22   is no mandatory minimum sentence.  I want to advise you of

23   the minimum and maximum supervised release term that may be

24   imposed and what it means if you violate the conditions of

25   your release.

PROCEEDINGS

1    The maximum supervised release term is three years

2  to follow any term of imprisonment.  If a condition of

3  release is violated, the defendant, you, the defendant, may

4  be sentenced to up to two years without credit for

5  pre-release imprisonment or time previously served on

6  post-release supervision.

7    A maximum fine of up to $250,000 or twice the

8  gross gain or loss, whichever is greater, may be imposed.

9  All right, that's paragraph 1D.

10    Let me ask the government, does the government

11  have an estimate as to the amount of the gross, any gross

12  loss in this case?

13    MR. WEINTRAUB:  The government estimates as to

14  gross gain to Mr. McCormack is approximately $51,000.  The

15  estimate as to the gross loss to the victims approximately

16  $200,000.

17    THE COURT:  Okay.  So, Mr. McCormack, twice that

18  amount, the greater amount I believe would be 400,000; is

19  that right, Mr. Weintraub?

20    MR. WEINTRAUB:  Yes.

21    THE COURT:  Okay.  All right.  So a maximum fine

22  of the greater of those numbers could apply here.

23    Okay, Mr. McCormack?

24    THE DEFENDANT:  Okay, yes.

25    THE COURT:  Now restitution is mandatory in an

PROCEEDINGS

1    amount to be determined by the Court at sentencing.  Again,

2    let me ask the Court -- or the government, does the

3    government have an estimate as to the restitution amount?

4         MR. WEINTRAUB:  A very broad estimate would be

5    approximately 200,000.

6         THE COURT:  All right.  Mr. Chartier, do you have

7    any concerns about that estimate or do you agree with that

8    estimate?

9         MR. CHARTIER:  I don't have concerns about that

10   estimate at this time.

11        THE COURT:  Okay.  The Court must also impose a

12   hundred dollar special assessment.

13        Mr. McCormack, you have also consented to

14   forfeiture in the amount of $51,294 and agreed to waive any

15   hearings or jury trial on the issue of forfeiture.

16        Mr. McCormack, were you born in this country, are

17   you a U.S. citizen?

18        THE DEFENDANT:  Yes, I am.

19        THE COURT:  Okay.  Let me give you these warnings

20   anyways.  They may not apply, but I'll give it anyways.

21        In the event you are not a U.S. citizen and as a

22   result of pleading guilty is that you may be removed from

23   the United States, denied citizenship and denied admission

24   to the United States in the future.  Removal and other

25   immigration consequences will be subject of a separate

PROCEEDINGS

1  proceeding.  Again, only in the event you are not a U.S.

2  citizen.

3          Do you understand?

4          THE DEFENDANT:  Yes, I understand.

5          THE COURT:  Also, if you were a naturalized

6  citizen, which may not apply here but if you were, another

7  consequence of pleading guilty may be that you are

8  denaturalized and deported from this country and forbidden

9  from reentering the United States without the permission of

10  the attorney general or some other authority.

11  Denaturalization, removal and other immigration consequences

12  will also be the subject of a separate proceeding.  Again,

13  only in the event you are a naturalized citizen.

14          Do you understand?

15          THE DEFENDANT:  I do.

16          THE COURT:  All right.  Now in light of all the

17  potential penalties we just discussed, do you still wish to

18  plead guilty at this time?

19          THE DEFENDANT:  I do, your Honor.

20          THE COURT:  Mr. Weintraub, let me ask you a

21  question regarding paragraph number two.  Do I need to put

22  any of those stipulations on the record?

23          MR. WEINTRAUB:  No, your Honor.

24          THE COURT:  No?

25          MR. WEINTRAUB:  No.

PROCEEDINGS

1          THE COURT:  Okay.  Mr. Chartier, do you agree.

2          MR. CHARTIER:  I agree, Judge.

3          THE COURT:  Okay.  Mr. McCormack, I want to

4    discuss with you the sentencing scheme and how it works in

5    federal court.  Judge DeArcy Hall does not have complete

6    discretion to impose a sentence outside of the maximum or

7    minimum sentences set forth in the statements.

8          Do you understand that?

9          THE DEFENDANT:  I do, your Honor.

10          THE COURT:  Now, as a first step, the Court must

11    consider the advisory sentencing guidelines issued by United

12    States Sentencing Commission in determining what is a

13    reasonable sentence in a criminal case.  While the

14    sentencing guidelines are only advisory now, they remain an

15    important consideration in sentencing and Judge DeArcy Hall

16    will take them into account in determining what sentence to

17    give you.

18          Do you understand?

19          THE DEFENDANT:  I do, your Honor.

20          THE COURT:  Have you discussed the sentencing

21    guidelines with your lawyer and how those guidelines are

22    calculated.

23          THE DEFENDANT:  I have.

24          THE COURT:  As a second step, the Court must

25    consider whether there are any factors present that would

PROCEEDINGS

1  allow the Court to depart from the advisory guidelines

2  either upwardly or downwardly.

3         In addition, the Court must consider the factors

4  set forth in 18 U.S.C. Section 3553(a) against all the facts

5  and circumstances of this case and it may be that what is

6  called a non-guideline sentence may be appropriate.  The

7  bottom line is, until your date of sentence you cannot know

8  with certainty what the guidelines will be or whether there

9  will be grounds to depart from them or whether the Court

10 will impose a non-guideline sentence.

11        Do you understand?

12        THE DEFENDANT:  I do, your Honor.

13        THE COURT:  Prior to your sentencing hearing Judge

14 DeArcy Hall will receive a presentence report from the

15 Probation Department which will recommend a guideline range.

16 Your counsel will have the opportunity to read the

17 presentence report and challenge the facts in it as reported

18 by the Probation Department.

19        Do you understand that?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  Nevertheless, it is important for you

22 to know what the possible guideline sentences are based upon

23 the facts available at this point in time.  Keeping in mind

24 that this is a guess that could be wrong.

25        Do you understand?

26

PROCEEDINGS

1              THE DEFENDANT:  I do.

2              THE COURT:  All right.  Mr. Weintraub, at this

3    time does the government have an estimate as to term of

4    imprisonment?

5              MR. WEINTRAUB:  Yes, your Honor.

6              Taking into account applicable reductions for

7    acceptance of responsibility, the government estimates that

8    the total adjusted offense level would be 22.  Assuming that

9    the defendant falls within the Criminal History Category I,

10   an adjusted offense level of 22 carries an advisory range of

11   imprisonment of 41 to 51 months.

12             THE COURT:  Mr. Chartier, do you agree with that

13   estimate at this time?

14             MR. CHARTIER:  I do, your Honor.

15             THE COURT:  Mr. McCormack, the government

16   estimates that the sentencing guidelines in this case could

17   result in a term of imprisonment anywhere from 41 to 51

18   months.  Do you understand that this estimate is not binding

19   on the government, probation, or Judge DeArcy Hall?

20             THE DEFENDANT:  I understand.

21             THE COURT:  Do you also understand that if this

22   estimate is wrong, you will not be permitted to withdraw

23   your plea of guilty?

24             Do you understand that?

25             THE DEFENDANT:  Yes, I understand.

PROCEEDINGS

1          THE COURT:  All right.  Now, Mr. McCormack, it's

2    important for you to know that Judge DeArcy Hall is not

3    bound by anything in this agreement or what the government

4    or your attorney estimates the sentencing guidelines to be.

5    Judge DeArcy Hall can sentence you according to her

6    interpretation of the sentencing guidelines and the law.

7          Do you understand?

8          THE DEFENDANT:  I understand.

9          THE COURT:  Although Judge DeArcy Hall will

10   consider the sentencing guidelines as one factor in

11   determining what your sentence will be, she has the

12   authority under the law to decide upon and impose a sentence

13   that is more severe or less severe than the sentencing

14   guidelines.

15          Finally, under the guideline sentencing system

16   there is no parole board or parole commission.  What means,

17   practically speaking, is that whatever sentence you do

18   receive from Judge DeArcy Hall that will be pretty close to

19   the actual amount of time you spend in prison.  You will not

20   have the opportunity for appeal to the parole board to get

21   out early because there is no parole board in the federal

22   sentencing system.

23          Do you understand that?

24          THE DEFENDANT:  Yes, I understand.

25          THE COURT:  Now, turning back to the agreement.

PROCEEDINGS

1   In paragraph 5 of the agreement you agree not to file an

2   appeal or otherwise challenge the conviction or sentence in

3   the event that the Court imposes a term of imprisonment of

4   57 months or below.

5           Do you understand that this provision means that

6   if the judge sentences you to any term in prison of 57

7   months or below, that you cannot challenge whether or not

8   that sentence is permissible.

9           Do you understand?

10          MR. CHARTIER:  Can I have one moment, your Honor,

11  please.

12          THE COURT:  Sure, go ahead.

13          (Pause in proceedings.)

14          THE DEFENDANT:  I understand, your Honor.

15          THE COURT:  Okay.  Mr. Chartier, anything we need

16  to address?

17          MR. CHARTIER:  No, Judge.  Thank you.

18          THE COURT:  Okay.  Now this waiver we've been

19  discussing in paragraph 5, is that waiver voluntary,

20  Mr. McCormack?

21          THE DEFENDANT:  Yes, it is, your Honor.

22          THE COURT:  Okay.  Also, nothing in the waiver of

23  appellate or collateral review rights shall prevent you from

24  raising a claim of ineffective assistance of counsel in an

25  appropriate forum.

PROCEEDINGS

1          All right, Mr. McCormack, at this time do you have

2    any questions that you wanted to ask me about the charge,

3    your rights or anything else related to this matter that may

4    not be clear?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Mr. Chartier, turning to you, do you

7    know of any reason why your client should not enter a plea

8    of guilty to the charge?

9          MR. CHARTIER:  I do not.

10         THE COURT:  Are you aware of any legal defense to

11   the charge at this time?

12         MR. CHARTIER:  No, your Honor.

13         THE COURT:  Turning back to Mr. McCormack, are you

14   satisfied with your legal representation up until this

15   point?

16         THE DEFENDANT:  Yes, I am.

17         THE COURT:  Are you ready to plead?

18         THE DEFENDANT:  Yes.

19         THE COURT:  All right.  How do you plead to the

20   charge in the information, guilty or not guilty?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  Are you making this plea of guilty

23   voluntarily and of your own free will?

24         THE DEFENDANT:  I am.

25         THE COURT:  Has anyone threatened or forced or

30

PROCEEDINGS

1    pressured you to plead guilty?

2                THE DEFENDANT:  No, your Honor.

3                THE COURT:  Other than the agreement before the

4    Court, has anyone made any other promises that have caused

5    you to plead guilty?

6                THE DEFENDANT:  No, your Honor.

7                THE COURT:  Mr. McCormack, has anyone promised you

8    what sentence you would receive from Judge DeArcy Hall if

9    you pled guilty?

10                THE DEFENDANT:  No, your Honor.

11                THE COURT:  Let me turn it over to you.  Tell me

12    in your own words what you did in connection with the charge

13    in the information?

14                THE DEFENDANT:  Between on or about January 2024

15    and on or about March 2024, I agreed with others to cause

16    bets to be placed with sports books based on inside

17    information.  Two of these bets were made with knowledge

18    that Jontay Porter of the Toronto Raptors would exit these

19    games early and make it more probable that he would

20    underperform relative to the line set by the sports books.

21    It was the intent of the conspiracy to obtain money from the

22    sports books by winning the bets that were placed upon

23    inside information.

24                My co-conspirators and I planned the scheme

25    through a series of telephone calls and text messages in

PROCEEDINGS

1    advance of games.

2           When I and my co-conspirators engaged in this

3    conduct, we did so in violation of the rules, terms and

4    usage agreements of the betting companies identified in the

5    information which prohibited, among other things, in sum and

6    substance betting on inside information.

7           I was physically present in the Eastern District

8    of New York while participating in the planning of the

9    scheme.  When I did these -- when I did this I knew I was

10   doing the wrong thing and I'm very sorry for my actions and

11   the embarrassment I have brought upon myself and my family.

12          THE COURT:  So Mr. Weintraub, does the government

13   think I need any further allocution with respect to the

14   charge?

15          MR. WEINTRAUB:  The government doesn't think that

16   anything additional is needed.  Thank you.

17          THE COURT:  Does the government also confirm that

18   all the elements are satisfied?

19          MR. WEINTRAUB:  Yes.

20          THE COURT:  All right.  Mr. Chartier, do you also

21   think the allocution is factually sufficient at this time?

22          MR. CHARTIER:  I do.

23          THE COURT:  Mr. Weintraub, anything else needed

24   for purposes of Rule 11?

25          MR. WEINTRAUB:  No, your Honor.

PROCEEDINGS

1          THE COURT:  Mr. Chartier, do you agree?

2          MR. CHARTIER:  I agree.

3          THE COURT:  All right.  Based on the information

4    given to me, I find that the defendant, Mr. McCormack, is

5    acting voluntarily, that he fully understands the charge

6    against him, the rights and consequences of his plea, and

7    that there is a factual basis for the plea as well.  That

8    the plea did not result from any force, threats or

9    undisclosed promises.  It is my recommendation to Judge

10   DeArcy Hall that she accept Mr. McCormack's guilty plea to

11   the charge in the information.

12          I have been informed by Judge DeArcy Hall's

13   chambers that a sentencing hearing has been scheduled for

14   August 21st, 2025 at 11 a.m.

15          All right.  Mr. Weintraub, anything else from the

16   government today?

17          MR. WEINTRAUB:  No, just that the government would

18   request that the current bail conditions be maintained.  The

19   government is not seeking remand at this time.

20          THE COURT:  All right.  Anything else for you,

21   Mr. Chartier?

22          MR. CHARTIER:  No, thank you, your Honor.

23          THE COURT:  Okay.  Mr. McCormack, do you have any

24   questions for the Court?

25          THE DEFENDANT:  I don't, your Honor.

33

PROCEEDINGS

1          THE COURT:  All right.

2          Anything else, Mr. Weintraub, for the government?

3          MR. WEINTRAUB:  No, your Honor.

4          THE COURT:  Okay.  With that we are adjourned.

5          MR. WEINTRAUB:  Thank you.

6          MR. CHARTIER:  Thank you.

7          (Matter concluded.)

8                    *    *    *    *    *

9          I certify that the foregoing is an accurate

10   transcript from the official electronic sound recording of

11   the proceedings in the above-entitled matter.

12

13   s/ Georgette K. Betts              January 27, 2025

14   GEORGETTE K. BETTS                 DATE

15

16

17

18

19

20

21

22

23

24

25

*GEORGETTE K. BETTS, RPR, FCRR, CCR*

# Exhibit B

F. # 2024R00288

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA                              [PROPOSED]
                                                      ORDER ACCEPTING
      - against -                                     GUILTY PLEA_____

TIMOTHY MCCORMACK,                                    No. 24-CR-490 (LDH)

                        Defendant.

– – – – – – – – – – – – – – – – – –X

        Upon a review of the transcript of the guilty plea of the defendant

TIMOTHY MCCORMACK, offered on January 16, 2025, before the Honorable James R. Cho,

United States Magistrate Judge, in the above-captioned matter, this Court finds that the defendant

pleaded guilty knowingly and voluntarily, and that a factual basis supports the defendant's plea.

        IT IS HEREBY ORDERED that the guilty plea of the defendant, offered on

January 16, 2025, before Judge Cho is accepted.


Dated: Brooklyn, New York
       _____, 2025



                              _____
                              THE HONORABLE LASHANN DEARCY HALL
                              UNITED STATES DISTRICT JUDGE
                              EASTERN DISTRICT OF NEW YORK